UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JOSE HERNANDEZ,

Plaintiff,

v.

NEW YORK STATE DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION,

Defendant.[1]

**DECISION AND ORDER**

6:25-CV-06730 EAW

*Pro se* plaintiff Jose Hernandez ("Plaintiff") is a prisoner currently confined at the Mid-State Correctional Facility. He filed a complaint in the Northern District of New York ("Northern District") asserting claims under 42 U.S.C. § 1983 arising from his confinement at Elmira Correctional Facility ("Elmira"). (Dkt. 1). He also filed a motion for *in forma pauperis* ("IFP") status. (Dkt. 2). The Northern District transferred the action to this District. (Dkt. 4).

Because Plaintiff meets the statutory requirements of 28 U.S.C. § 1915(a) and has filed the required authorization and certification (Dkt. 2; Dkt. 3), the Court grants his

[1] The complaint identifies this defendant as the New York State Department of Corrections. The Clerk of Court is directed to amend the caption to correctly identify this defendant as the New York State Department of Corrections and Community Supervision.

motion to proceed IFP. The Court therefore screens the complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(a).

For the reasons that follow, the claims against the New York State Department of Corrections and Community Supervision ("DOCCS") are dismissed without leave to amend. The complaint is otherwise dismissed but with leave to file an amended complaint.

## DISCUSSION

### I. Legal Standards

#### A. Review Under the IFP Statutes

A court shall dismiss a complaint in a civil action in which a prisoner seeks redress from a governmental entity, or an officer or employee of a governmental entity, if the court determines the action "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(1)-(2); *see* 28 U.S.C. § 1915(e)(2)(B) (setting forth the same criteria for dismissal).

#### B. Pleading Standards

In evaluating a complaint, a court must "accept all of the facts alleged in the complaint as true and draw all inferences in the plaintiff's favor." *Larkin v. Savage*, 318 F.3d 138, 139 (2d Cir. 2003); *King v. Simpson*, 189 F.3d 284, 287 (2d Cir. 1999). Although "a court is obliged to construe [*pro se*] pleadings liberally, particularly when they allege civil rights violations," *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004), even a *pro se* complaint must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make "a short and plain statement of the claim showing that the

pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint states a claim for relief if the claim is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim will have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In other words, although a *pro se* complaint need not provide every last detail in support of a claim, it must allege sufficient factual allegations to nudge the claim "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. *See Komatsu v. Cubesmart, Daniels Norelli Cecere & Tavel PC*, No. 20-3676-CV, 2021 WL 6060603, at *1 (2d Cir. Dec. 20, 2021) (to avoid *sua sponte* dismissal under the IFP statute, "a complaint must plead 'enough facts to state a claim to relief that is plausible on its face'" (quoting *Twombly*, 550 U.S. at 570)); *Scott Phillip Lewis v. R.L. Vallee, Inc., d.b.a. Maplefield's*, No. 24-1438, 2025 WL 1077412, at *1 (2d Cir. Apr. 10, 2025) (same).

The Court's liberal pleading standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A complaint fails to state a claim if it supplies only "labels and conclusions," *Twombly*, 550 U.S. at 555, "a formulaic recitation of the elements of a cause of action," *id.*, or "'naked assertions' devoid of 'further factual enhancement,'" *Iqbal*, 556 U.S. at 678 (alteration omitted) (quoting *Twombly*, 550 U.S. at 557). Although a court is "obligated to draw the most favorable inferences that [a plaintiff]'s complaint supports, [it] cannot invent factual

allegations that he [or she] has not pled." *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010).

### C. Section 1983 Claims

"To state a valid claim under 42 U.S.C. § 1983, the plaintiff must allege that the challenged conduct (1) was attributable to a person acting under color of state law, and (2) deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States." *Whalen v. County of Fulton*, 126 F.3d 400, 405 (2d Cir. 1997). "Section 1983 itself creates no substantive rights; it provides only a procedure for redress for the deprivation of rights established elsewhere." *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993) (citing *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985)).

To establish liability against an official under § 1983, a plaintiff must allege that individual's personal involvement in the alleged constitutional violation; it is not enough to assert that the defendant is a link in the chain of command. *See McKenna v. Wright*, 386 F.3d 432, 437 (2d Cir. 2004). Moreover, the theory of *respondeat superior* is unavailable in a § 1983 action. *See Hernandez v. Keane*, 341 F.3d at 137, 144 (2d Cir. 2003). There is "no special rule for supervisory liability." *Tangreti v. Bachmann*, 983 F.3d 609, 618 (2d Cir. 2020). Rather, "a plaintiff must plead and prove 'that each Government-official defendant, through the official's own individual actions, has violated the Constitution.'" *Id.* (quoting *Iqbal*, 556 U.S. at 676).

### D. Leave to Amend

Generally, a court will afford a *pro se* plaintiff an opportunity to amend or to be heard before dismissal, unless it "can rule out any possibility, however unlikely it might

be, that an amended complaint would succeed in stating a claim." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (quoting *Gomez v. USAA Federal Sav. Bank*, 171 F.3d 794, 796 (2d Cir. 1999)). But a court may deny leave to amend pleadings when an amendment would be futile. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993) ("Where it appears that granting leave to amend is unlikely to be productive . . . it is not an abuse of discretion to deny leave to amend.").

## II. Allegations

The complaint form itself alleges no facts, identifies no claims, and requests no relief. Instead, it merely references the 23 pages of attachments to the complaint, which address incidents during and after the DOCCS labor strike that occurred in February and March of 2025. The attachments include a Notice of Intention to File a Claim dated June 18, 2025 (Dkt. 1 at 6-7); grievances dated February 26 and 27 and March 2 and 3, 2025 submitted at Elmira (*id.* at 11-15) and re-submitted at Midstate (*id.* at 22-25, 28-29); an undated Freedom of Information Law request and responses dated March 26 and 27, 2025 (*id.* at 16, 26-27); and correspondence dated March 20 and April 23, 2025, concerning the unanswered grievances (*id.* at 10, 17).[2]

[2] Plaintiff has since separately filed an additional 40 pages of miscellaneous documents. (Dkt. 6).

## III. Analysis

### A. Eleventh Amendment Immunity

"The Eleventh Amendment precludes suits against states unless the state expressly waives its immunity or Congress abrogates that immunity." *Li v. Lorenzo*, 712 F. App'x 21, 22 (2d Cir. 2017) (citing *CSX Transp., Inc. v. NYS Office of Real Prop. Servs.*, 306 F.3d 87, 94-95 (2d Cir. 2002)). Because "New York has not waived its immunity, nor has Congress abrogated it," *id.* (first citing *Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 38-40 (2d Cir. 1977); and then citing *Dube v. State Univ. of N.Y.*, 900 F.2d 587, 594 (2d Cir. 1990)), the Eleventh Amendment bars § 1983 suits against New York State regardless of the relief sought. *See Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 58 (1996) ("[T]he relief sought by a plaintiff suing a State is irrelevant to the question whether the suit is barred by the Eleventh Amendment." (citing *Cory v. White*, 457 U.S. 85, 90 (1982))).

This immunity extends to state agencies such as DOCCS. *See Rother v. NYS Dep't of Corr. & Cmty. Supervision*, 970 F. Supp. 2d 78, 89 (N.D.N.Y. 2013) ("The Eleventh Amendment immunizes states and state agencies from suits that seek both monetary damages and injunctive relief." (citation omitted)); *Salvana v. NYS Dep't of Corr. & Cmty. Supervision*, No. 5:21-CV-735 (BKS/ML), 2022 WL 17083088, at *4 (N.D.N.Y. Nov. 18, 2022) ("Plaintiff's claims against DOCCS itself, regardless of the relief sought, are barred

as a matter of law by sovereign immunity."). The claims against DOCCS are therefore dismissed without prejudice, but without leave to amend.[3]

In an amended complaint, Plaintiff may name defendants with personal involvement in the alleged constitutional violations. As discussed above, "[t]here is no special rule for supervisory liability." *Tangreti*, 983 F.3d. at 618. In order "[t]o hold a state official liable under § 1983, a plaintiff must plead and prove the elements of the underlying constitutional violation directly against the official without relying on a special test for supervisory liability." *Id.* at 620.

**B. Rule 8**

Rule 8 of the Federal Rules of Civil Procedure requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.

---

[3] "Whether Eleventh Amendment immunity 'constitutes a true issue of subject matter jurisdiction or is more appropriately viewed as an affirmative defense' has not yet been decided by the Supreme Court or [the Second Circuit]." *Ripa v. Stony Brook Univ.*, 808 F. App'x 50, 51 n.1 (2d Cir. 2020) (quoting *Carver v. Nassau Cnty. Interim Fin. Auth.*, 730 F.3d 150, 156 (2d Cir. 2013)); *see Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 389 (1998) ("The Eleventh Amendment, however, does not automatically destroy original jurisdiction. Rather, the Eleventh Amendment grants the State a legal power to assert a sovereign immunity defense should it choose to do so."). The difference impacts whether "dismissal on sovereign immunity grounds is with or without prejudice." *Weems v. New York*, No. 6:23-CV-6305 EAW, 2024 WL 4150397, at *3 n.2 (W.D.N.Y. Sept. 10, 2024). In accordance with other decisions in this District, the Court dismisses Plaintiff's claims barred by the Eleventh Amendment without prejudice. *See, e.g.*, *Petralia v. New York*, No. 6:20-CV-06393 EAW, 2021 WL 4034526, at *3 (W.D.N.Y. Sept. 3, 2021); *see also Harty v. W. Point Realty, Inc.*, 28 F.4th 435, 445 (2d Cir. 2022) ("A dismissal for lack of jurisdiction without leave to amend is not the same thing as a dismissal with prejudice." (quoting *MAO-MSO Recovery II, LLC v. State Farm Mut. Auto. Ins. Co.*, 935 F.3d 573, 581 (7th Cir. 2019))).

R. Civ. P. 8(a)(2). A "[p]laintiff cannot usurp his [or her] obligation under Rule 8 to plead facts plausibly alleging the causes of action asserted within his complaint by attaching and/or referencing exhibits." *Davies v. Christopher Cmty.*, No. 5:16-CV-0852(TJM)(DEP), 2016 WL 5947351, at *3 n.4 (N.D.N.Y. Sept. 9, 2016), *report and recommendation adopted*, 2016 WL 5955898 (N.D.N.Y. Oct. 13, 2016).

The facts contained in the attachments to the complaint "could be utilized to support any number of claims against any number of defendants[.]" *Buckley v. New York*, No. 11-CV-5512(ADS)(AKT), 2012 WL 13055736, at *12 (E.D.N.Y. Sept. 29, 2012). "[T]he purpose of Rule 8 is to give notice of the claims asserted to the defendants so they may prepare an adequate defense." *Davies*, 2016 WL 5947351, at *3 n.4 (citing *Powell v. Marine Midland Bank*, 162 F.R.D. 15, 16 (N.D.N.Y. 1995)). Consequently, "[a]sking defendants (or the court) to scour . . . unidentified documents in search of a cognizable cause of action is manifestly unfair." *Id.*; *see also Bull v. Howard*, No. 22-CV-00766-JLS-LGF, 2024 WL 1939480, at *19 (W.D.N.Y. Apr. 11, 2024) ("[A]lthough documents attached or incorporated into a complaint by reference may be considered on a motion to dismiss, the court is not required to scour such documents to discern what allegations the Plaintiff intends to assert based on the documents as this would violate [Rules 8 and 10]." (internal citation omitted)), *report and recommendation adopted*, 2024 WL 1932696 (W.D.N.Y. May 2, 2024); *Belardo v. Annucci*, No. 9:22-CV-0032 (DNH/ATB), 2022 WL 22889131, at *3 (N.D.N.Y. May 10, 2022) ("It is not the Court's responsibility to scour [19 pages of] exhibits and attempt to manufacture a cause of action from the information contained in those materials." (citing cases)).

To comply with Rule 8(a)(2), the amended complaint should tell the Court in a "short and plain" manner who violated Plaintiff's federally or constitutionally protected rights and how they did so; when and where such violations occurred; why he is entitled to relief; and what type of relief he seeks (*e.g.*, money damages, injunctive relief, or declaratory relief). Plaintiff is cautioned that if his amended complaint continues to rely on a variety of attachments without offering any allegations to provide Defendant(s) notice of the claims he seeks to raise, the Court may summarily dismiss the amended complaint.

To accompany his allegations, "Plaintiff may attach exhibits to his amended complaint, but they must be relevant to the allegations of the amended complaint and organized in such a way that the Court and Defendant[(s)] can read and determine their relevance; the Court will not independently examine exhibits that Plaintiff does not specifically reference (by the exhibit's page number) in his amended complaint." *Santos v. Jones*, No. 22-CV-6338-EAW, 2023 WL 1109755, at *10 (W.D.N.Y. Jan. 30, 2023).

The attachments to the complaint suggest that Plaintiff may be seeking to assert claims arising from the conditions of his confinement during the strike, including the impact it had on his ability to visit with his family and to receive medical care. To the extent these are the claims that Plaintiff intended to raise, he shall keep the following legal principles in mind if he elects to prepare an amended complaint.

### 1. Eighth Amendment: Conditions of Confinement and Deliberate Indifference to a Serious Medical Need

"While a medical needs claim and conditions of confinement claim are surely related, the Supreme Court and [the Second Circuit] have treated them as distinct rights." *Goode v. Cook*, No. 23-7521-PR, 2025 WL 816302, at *4 (2d Cir. Mar. 14, 2025) (citing cases). "To state a valid conditions of confinement claim under the Eighth Amendment, a plaintiff must allege: (1) the conditions were so serious that they constituted a denial of the 'minimal civilized measure of life's necessities'; and (2) the prison officials acted with 'deliberate indifference.'" *Burgess v. Banasike*, 636 F. Supp. 3d 351, 365 (W.D.N.Y. 2022) (quoting *Wilson v. Seiter*, 501 U.S. 294, 297-99 (1991)); *see also DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 200 (1989) (identifying food, clothing, shelter, medical care, and reasonable safety as examples of basic human needs).

"The Eighth Amendment [also] forbids 'deliberate indifference to serious medical needs of prisoners,' which includes needs for mental health care[.]" *Spavone v. NYS Dep't of Corr. Services*, 719 F.3d 127, 138 (2d Cir. 2013) (first quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976), and then citing *Langley v. Coughlin*, 888 F.2d 252, 254 (2d Cir. 1989)). Deliberate indifference under the Eighth Amendment—either to a serious risk to health posed by conditions of confinement or inadequate medical care—requires the defendant to "know[] of and disregard[] an excessive risk to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

**2. First Amendment: Right to Association**

Although incarcerated individuals retain the right to associate with others, they do "not retain rights inconsistent with proper incarceration." *Overton v. Bazzetta,* 539 U.S. 126, 131 (2003). Consequently, visitations may "be subject to reasonable restrictions on the time, place and manner of visits," but "the intentional or malicious deprivation of visitation to a prisoner, even on one occasion, could rise to the level of a constitutional violation." *Mills v. Fischer*, 497 F. App'x 114, 116 (2d Cir. 2012). "To state a claim that a restriction on . . . visitation privileges violated the First Amendment right to association, a plaintiff must allege facts sufficient to demonstrate that the challenged restriction bears no 'rational relation to legitimate penological interests.'" *Mclellan v. Chapdelaine*, No. 3:16-CV-2032 (VAB), 2017 WL 388804, at *6 (D. Conn. Jan. 27, 2017) (quoting *Overton*, 539 U.S. at 131-32), *adhered to on reconsideration*, 2017 WL 3841469 (D. Conn. Sept. 1, 2017).

**<u>CONCLUSION</u>**

Plaintiff's motion for IFP status (Dkt. 2) is granted. Plaintiff's claims against DOCCS are dismissed under 28 U.S.C. §§ 1915(e)(2)(B)(iii) and 1915A(b)(2) without leave to amend, but he may file an amended complaint that includes the necessary allegations regarding his claims and in a manner that complies with Rules 8 and 10[4] of the Federal Rules of Civil Procedure.

---

[4] "Rule 10 requires that the allegations in a complaint be made in numbered paragraphs, each of which should recite, as far as practicable, only a single set of circumstances and that each claim upon which a plaintiff seeks relief be founded upon a

The amended complaint is due **no later than 45 days from the date this Decision and Order is entered**. Plaintiff is advised that an amended complaint is intended to **completely replace** the prior complaint in the action, and thus it "renders [the prior complaint] of no legal effect." *Int'l Controls Corp. v. Vesco*, 556 F.2d. 665, 668 (2d Cir. 1977); *see also Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994). Therefore, any amended complaint must include all allegations against each Defendant so that the amended complaint stands alone as the only complaint that Defendant(s) must answer in this action.

## ORDER

IT IS HEREBY ORDERED that Plaintiff's motion to proceed *in forma pauperis* (Dkt. 2) is granted; and it is further

ORDERED that Plaintiff's claims against the New York State Department of Corrections and Community Supervision are dismissed without prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(iii) and 1915A(b)(2) but without leave to amend; and it is further

ORDERED that Plaintiff is granted leave to file an amended complaint as directed above **by no later than 45 days from the date of this Decision and Order**; and it is further

ORDERED that the Clerk of Court is directed to send to Plaintiff this Order, a copy

---

separate transaction or occurrence." *Hayon v. Annucci*, No. 18-CV-6494-CJS, 2019 WL 13544659, at *8 (W.D.N.Y. Feb. 1, 2019) (citing Fed. R. Civ. P. 10(b)).

of the original complaint (Dkt. 1), a blank § 1983 complaint form, and the instructions for preparing an amended complaint; and it is further

ORDERED that if Plaintiff does not file an amended complaint by the deadline set forth above, the complaint remains dismissed under 28 U.S.C. §§ 1915(e)(2)(B)(iii) and 1915A(b)(2) and the Clerk of Court shall close this case without further order; and it is further

ORDERED that in the event the complaint is dismissed because Plaintiff fails to file an amended complaint, this Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438 (1962). Further requests to proceed on appeal as a poor person should be directed, on motion, to the United States Court of Appeals for the Second Circuit, in accordance with Rule 24 of the Federal Rules of Appellate Procedure; and it is further

ORDERED that pursuant to Western District of New York Local Rule of Civil Procedure 5.2(d), Plaintiff must notify the Court in writing if his address changes. Failure to do so may result in dismissal of the action with prejudice.

SO ORDERED.

ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated: November 9, 2026
Rochester, New York